**IN THE COURT OF APPEALS OF IOWA**

No. 22-0579
Filed June 29, 2022

**IN THE INTEREST OF C.R.,**
**Minor Child,**

**A.R., Mother,**
    Appellant.
_____

    Appeal from the Iowa District Court for Black Hawk County, David F. Staudt, Judge.

    A mother appeals the termination of her parental rights. **AFFIRMED.**

    Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant mother.

    Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

    Tammy L. Banning of the Office of State Public Defender, attorney and guardian ad litem for minor child.

    Considered by Vaitheswaran, P.J., and Tabor and Badding, JJ.

**BADDING, Judge.**

In February 2020, then twelve-year-old C.R. was living with her maternal grandmother because C.R.'s mother was homeless. One day after the mother went to the grandmother's house to shower, the mother asked C.R. to hide a makeup box she had left behind from the grandmother. Instead, the child and her grandmother looked inside the box and found drug paraphernalia, baggies with white powdery residue, and prescription medications. A report was made to the Iowa Department of Human Services. The mother then absconded with C.R. for several days. In March, based on the above, the State sought and obtained an order for temporary removal. Soon after, the mother tested positive for methamphetamine and amphetamines. The mother stipulated to the child being adjudicated in need of assistance.[1]

The mother completed a substance-abuse evaluation in May, which recommended extended outpatient treatment with individual and group counseling. This recommendation was suspect because, despite her positive drug screen, the mother told the evaluator that she had not used substances in fourteen years. The mother also completed a mental-health evaluation in June, but no treatment was recommended because the mother stated she "did not wish to receive any mental health treatment at this time."

Fast forward to March 2021, nearly one year later. By that point, the mother had not engaged in any treatment or drug testing, her contact with C.R. was limited to supervised text messages and phone calls, and the child was adamant that she

---

[1] We later affirmed the adjudication and disposition on the mother's appeal. *See In re C.R.*, No. 20-1216, 2021 WL 374525, at *2 (Iowa Ct. App. Feb. 3, 2021).

did not want to return to her mother's care. Because of the mother's lack of progress, the department recommended termination of the mother's parental rights. A few days after that recommendation, the mother gave birth to another child. The mother and the infant both tested positive for methamphetamine. So the infant was also removed from the mother's care. Before giving birth, the mother successfully concealed her pregnancy from the department by refusing to meet with providers or participate in video visits with the child.

The State filed its termination petition in June, and the matter proceeded to hearing in September. The mother had still not engaged in treatment or complied with drug testing. Nor had there been any in-person contact between the mother and the child since she was removed. The child's therapist reported C.R.'s feelings toward the mother as follows: "She has consistently said she does not want to go back to her mother's. She doesn't trust her, doesn't feel she takes responsibility for any of her previous or current actions, believes she is still using drugs. She has consistently wanted to be adopted by her grandparents." Following the hearing, the court terminated the mother's parental rights under Iowa Code section 232.116(1)(e) and (f) (2021).

The mother appeals,[2] arguing the evidence was insufficient to support the grounds for termination, termination is contrary to the child's best interests, and termination would be detrimental to the child. We review each of her claims de novo. *In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022).

---

[2] The father's rights were also terminated. He does not appeal.

As to the grounds for termination, the mother challenges the State's establishment of the final element of each ground—that she has not maintained significant and meaningful contact under section 232.116(1)(e)(3) and the child cannot be returned to her care at present under section 232.116(1)(f)(4). While we could affirm under either ground, *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010), we find the State met its burden of proof for each.

By the time of the termination trial, the mother had not texted or called the child for months, and she had not seen her for more than one year. While the mother argues she was "thwarted from regular meaningful contact" by everyone involved in the case, it was the mother's own poor choices and resistance to services that led to her failure to maintain significant and meaningful contact with C.R. *See In re K.M.B.*, No. 12-0306, 2012 WL 1247156, at *4 (Iowa Ct. App. Apr. 11, 2012). The mother also continues to lead an unstable lifestyle, with no verifiable address or employment, and she has shown a clear inability to provide even minimally proper care for this child. The mother tried to conceal her drug use by not complying with drug testing, but the record shows that her use of methamphetamine continues. Long story short, the evidence is clear and convincing that the mother has not affirmatively assumed the duties encompassed by the role of being a parent to the child, and the child could not be returned to her care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(e)(3), (f)(4). Thus, the State met its burden under both grounds.

Next, the mother passively suggests termination is contrary to the child's best interests. Giving "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the

physical, mental, and emotional condition and needs of the child," we summarily disagree. *See* Iowa Code § 232.116(2). Here, termination furthers the defining elements of a child's best interests—safety and need for a permanent home— neither of which the mother has been able to minister to. *In re H.S.,* 805 N.W.2d 737, 748 (Iowa 2011).

As for the mother's request for application of the permissive exception to termination in section 232.116(3)(c), the mother failed to meet her burden to show "termination would be detrimental to the child . . . due to the closeness of the parent-child relationship." The mother presented no evidence the child would suffer physical, mental, or emotional detriment if her rights were terminated. On the contrary, the child prefers termination and adoption by her grandmother, with whom she feels safe, happy, and secure.

Finally, to the extent that the mother requests "an extension of permanency," she has not enumerated what factors, conditions, or expected behavioral changes will alleviate the need for removal at the end of an extension. *See* Iowa Code § 232.104(2)(b). Given the mother's record, neither can we. So we conclude an extension of time is not warranted, and we affirm the termination of the mother's parental rights.

**AFFIRMED.**